IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sammy Lemars Reed, | ) | Case No. 9:23-cv-00008-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nurse Williams, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's amended complaint alleging violations of his civil rights. ECF No. 9. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On September 5, 2023, Defendant file a motion for summary judgment. ECF No. 39. Plaintiff filed a response in opposition. ECF No. 44. On April 9, 2024, the Magistrate Judge issued a Report recommending that the motion be granted. ECF No. 46. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report. ECF No. 52.

### APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, the Magistrate Judge recommends denying Defendant's motion as to her argument that Plaintiff failed to exhaust administrative remedies. No party has objected to this portion of the Report. Accordingly, upon review for clear error, the Court adopts this portion of the Report.

The Magistrate Judge also recommends granting summary judgment in favor of Defendant because Defendant is sued only in her official capacity and Plaintiff's claim for injunctive relief does not fit within the *Ex Parte Young*, 209 U.S. 123 (1908), exception to Eleventh Amendment immunity. The Magistrate Judge determined that Plaintiff has neither identified any ongoing unconstitutional policy, custom, or practice or demonstrated that Defendant has proximity to and responsibility for enforcement of any ongoing unconstitutional policy, custom, or practice such that prospective injunctive relief would be appropriate.

In his objections, Plaintiff asserts that Defendant "was medically deliberate to his serious medical needs when she denied the plaintiff to sign up for a sick call for lower back and swollen knee on March 10, 2022." ECF No. 52 at 2. He further asserts that a lay person could tell that he needed medical attention and that Defendant "would presumably have the power to influence medical care in the prison for the inmates at Trenton Correctional Institution." *Id.*

Upon de novo review of the Report, the record, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge. The Court acknowledges that Plaintiff is attempting to allege an ongoing constitutional violation by asserting that Defendant could "presumably" deny sick call in the future; however, he also specifically states that the complained of event occurred on a specific date. He was denied sick call on March 10, 2022, and the alleged violation constitutes a discrete event. *See Diven v. Souders*, No. CV 21-1276, 2024 WL 308941 n.8 (D. Md. Jan. 26, 2024) ("However, each of the claims noted above rested on unquestionably prospective relief and not, as here, an attempt to transform a complaint alleging wrongdoing by correctional officers on a specific date into an ongoing constitutional violation orchestrated at the highest level."). Accordingly, Plaintiff's claim is subject to dismissal.

For the foregoing reasons, the motion for summary judgment [39] is **GRANTED** and this action is **DISMISSED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

May 29, 2024
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.